HAWTHORNE, Justice
(dissenting).
In Tillery v. Fuller, 190 La. 586, 182 So. 683, decided more than 15 years ago, it was held that the prescription of 30 years against the right of an heir to elect whether to accept or renounce a succession is only suspended during the minority of the heir and commences to accrue when the heir reaches the age of majority. This court there was interpreting Article 1030 of the Civil Code, and in the later case of Sun Oil Co. v. Tarver, 219 La. 103, 52 So.2d 437, this court applied without question the interpretation of the article as given in the earlier case, and said that the result reached there was correct.
I do not subscribe to the majority opinion in the instant case because by it the above holding as announced by this court in Tillery v. Fuller is being overruled. The appellants themselves did not question that holding either in the lower court or in this court, and made no attack on that case, evidently considering the jurisprudence on the question to be settled. Yet this court —on its own motion, so to speak — now deems it advisable to overrule Tillery v. Fuller on this point.
There is no question that the members of the bar of this state have relied on the holding of that case for many years and, so relying, have approved titles to property, and that under such holding valuable property rights have been acquired. The attorneys of this state have a right to rely on the rulings of this court and to expect some constancy in them where valuable property rights are affected. By the overruling of Tillery v. Fuller on this point titles which have been approved under its holding are now put in jeopardy and made subject to litigation.
Appellees in their brief argue that the logic of the rule as announced in Tillery v. Fuller is demonstrated by the facts in *252 the instant case. They observe that under the holding here the interest of Sallie Skinner Mitcham which she inherited in 1899 from her mother has prescribed, whereas a similar interest which she inherited from her father in 1863, 36 years prior to her inheritance from her mother, has not prescribed. However, I do not base my dissent on the logic of the rule as announced in Tillery v. Fuller, but, as stated above, simply on the fact that this •court should not overrule a holding such as this, so long established, accepted, and relied upon, which affects the title of individuals to real property.